CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
ADAM P. ZAFFOS (SBN 217669)
azaffos@roll.com
ROLL LAW GROUP P.C.
11444 West Olympic Boulevard, 10th Floor
Los Angeles, CA 90064-1557
Telephone: 310-966-8400
Facsimile: 310-966-8810

Attorneys for Plaintiff
PARAMOUNT FARMS, INC.

DONALD H. CHASE (*admitted pro hac vice*)
(dchase@morrisoncohen.com)
EDWARD P. GILBERT (*admitted pro hac vice*)
(egilbert@morrisoncohen.com)
LATISHA V. THOMPSON (*admitted pro hac vice*)
(lthompson@morrisoncohen.com)
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: 212.735.8600
Facsimile: 212.735.8708

Attorneys for Defendant
VENTILEX B.V.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PARAMOUNT FARMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VENTILEX B.V., a business entity of form unknown; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 1:08-CV-01027-LJO-SMS<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties to the above-captioned action (the "Action") believe that certain information that is or may be sought by discovery requests or otherwise exchanged by the parties in this action may contain trade secret or other confidential

research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties believe that it would facilitate discovery in this action to produce any such information under a protective order made pursuant to Rule 26(c);

THE PARTIES HEREBY STIPULATE AND AGREE to the terms of the following Stipulation and Protective Order ("Stipulation and Order") and respectfully request that the Court so order it.

1. <u>Designation of Materials as Confidential or Highly Confidential</u>.  Any party to the Action or other person (including non-parties) that provides any discovery materials (including without limitation, documents, physical objects, tangible things, discovery responses or any other materials of any type whatsoever), whether by voluntary disclosure or pursuant to an order of the Court (collectively, "Materials" or "Material"), in this Action may designate such Materials as "Confidential" or "Highly Confidential" by labeling such Materials as "Confidential" or "Highly Confidential—Attorneys-Eyes-Only" at the time they are produced.  A party or person may designate Materials as Confidential or Highly Confidential subsequent to their production by sending a letter to the other party to this Action so designating such Materials at any time after their production, provided that such designation shall only apply to such Materials after actual receipt by the other party of such a letter.

2. <u>Definition of Confidential Materials</u>.  A designation of Material as Confidential shall constitute a representation by the party or nonparty and its counsel that they believe in good faith that the material so designated contains or constitutes: (a) trade secrets, accounting information, unpublished financial data, financial or investment forecasts or strategies, business or product plans, marketing plans or strategy, compensation information, appraisals, valuations or other information of a non-public nature considered by the producing party or person to be commercially sensitive or proprietary; or (b) other competitively sensitive or proprietary information.

PDF created with pdfFactory trial version www.pdffactory.com

Correspondence or other documents that quote from or paraphrase the substance of Confidential Material shall be treated as Confidential and shall be labeled as such.

3. <u>Manner of Designating Certain Testimony as Confidential</u>. Any deposition or other testimony (including any exhibits used therein) may be designated as Confidential by either party or other person by any of the following means: (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is Confidential; or (b) by sending written notice to counsel for the other party of record within ten business days after receipt of the transcript of a deposition or other testimony, designating information as Confidential. All such testimony shall be treated as if designated Confidential until the ten-day period expires or until notification of the designation or absence thereof is given.

4. <u>Restrictions on Disclosure of Material Designated as Confidential</u>. Confidential Material shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action including appeals, if any.

Confidential Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

a) A party to this Action and only those employees of such party directly involved in instructing or assisting counsel in connection with this Action, except that disclosure to the persons specified in this paragraph shall be limited to such information as is reasonably required to be disclosed to instruct or assist counsel;

b) The Court, personnel of the Court, and court reporters and videographers at depositions or other proceedings in this Action;

c) Counsel to the parties to this Action and their employees;

d) Deponents and witnesses at depositions or other proceedings in this Action, along with their counsel, if the deponent or witness is indicated on the face of the Material as its originator, author, or recipient of a copy thereof or who would be reasonably expected to have had prior access to the Material, or who is otherwise

PDF created with pdfFactory trial version www.pdffactory.com

familiar with the Confidential Material, but only to the extent of the person's familiarity with the Confidential Material, or persons whom counsel reasonably believes may have testimony relevant to the Confidential Material, or if the Court determines that the witness should have access to the Material, on such terms as the Court may order;

e) Persons whom counsel in good faith believe are likely to be called as deposition, trial, or other witnesses in this Action as well as their counsel, provided, however, that counsel shall not disclose any Materials designated Confidential to any such person unless counsel in good faith believes the Material to be reasonably related to that person's likely testimony and, in that event, only to the extent so related;

f) Consultants or experts and their staff to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

g) Outside vendors providing copying and/or exhibit preparation services in connection with this Action;

h) Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court; or with respect to the persons referenced in paragraphs 4(d), (e), (f), (g), and (h) prior to the disclosure of any Confidential Material, the receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from that person written agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

5. <u>Definition of Highly Confidential Materials</u>.  A designation as Highly Confidential shall constitute a representation by the party or person and its counsel that they believe in good faith that the material so designated contains or constitutes highly confidential information that is: (i) classified by the government; and/or (ii) so sensitive that even distribution to the opposing party will cause irreparable harm.

6. <u>Restrictions on Disclosure of Material Designated as Highly Confidential</u>. Highly Confidential Materials shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action

PDF created with pdfFactory trial version www.pdffactory.com

including appeals, if any. Highly Confidential Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

      a)    Counsel of record for the parties in this Action and their employees to whom disclosure is reasonably necessary for the conduct of this Action. Counsel and their employees shall hold the Highly Confidential Material in confidence and shall not disclose it, directly or indirectly, to any other person not authorized to receive it under this Agreement, including to any other parties to this litigation or counsel for any parties to this Action in any other matter, directly or indirectly; and

      b)    Any expert or consultant who is directly retained by a Party or its counsel in order to assist in the conduct of this Action, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Highly Confidential Material only so long as is necessary for the performance of such assistance.

With respect to the persons referenced in paragraphs 6(b) prior to the disclosure of any Highly Confidential Material, the receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from that person written agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

    7.    <u>Filing Confidential or Highly Confidential Materials</u>.  All Materials designated Confidential or Highly Confidential that are filed with the Court, including all depositions or any portions of depositions that contain Confidential or Highly Confidential information, and all papers (including declaration[s], affidavits, and memoranda of law) purporting to reflect Confidential or Highly Confidential information shall be filed with the Court in sealed envelopes or other appropriately sealed containers, which shall bear the title of the Action, an identification of the contents of the sealed envelope or container, the words "Confidential" or "Highly Confidential" and an explanation that the information contained therein is protected by

PDF created with pdfFactory trial version www.pdffactory.com

this Order and shall not be disclosed by the Clerk or any other person in any manner inconsistent with this Order except upon further order of the Court. Confidential or Highly Confidential Materials used in any Court proceeding in connection with this action shall not lose its Confidential or Highly Confidential status through such use. To avoid burdening the Court with an abundance of Materials filed under seal, the parties shall confer in good faith (time permitting) prior to filing documents containing information designated Confidential or Highly Confidential under seal to agree, wherever possible, to permit the filing of such Materials not under seal. Any waiver by a party of its right to have its Materials designated Confidential or Highly Confidential filed under seal shall not constitute a waiver of confidentiality for any other purpose, and such Materials shall otherwise maintain the protections provided herein.

8. <u>Receipt of Subpoena</u>. Notwithstanding the foregoing, nothing in this Stipulation and Order shall prevent any party from complying with any disclosure required by law, regulation or rule (including any rule of any industry or self-regulatory organization) whether pursuant to a subpoena or other similar process in connection with a litigation, arbitration, or other proceeding, or otherwise. If any party in possession of Material designated as Confidential or Highly Confidential receives a subpoena or other such process or discovery device seeking production or other disclosure of such Material, if allowed under applicable law, that party shall give written notice to counsel for the party or person who designated the Materials as Confidential or Highly Confidential together with a copy of the subpoena or other process and shall object to producing the Material until an appropriate confidentiality stipulation or order can be entered into with the requesting party. The party who designated the Material as Confidential shall pay the reasonable costs of that objection, including reasonable attorneys' fees. Where possible, at least ten (10) business days notice should be given before production or other disclosure.

9. <u>Return of Confidential Material upon Termination of this Action</u>. All Confidential and Highly Confidential Materials or other papers containing such

PDF created with pdfFactory trial version www.pdffactory.com

information, no matter what form the information is reduced to, remain the property of, and under the custody and control of the party or other person producing that Material, subject to further order of the Court.  Upon the conclusion of this Action (including compliance with any judgment and any relating to this Action), the receiving parties shall return to the producing parties or persons all copies of Material designated as Confidential or Highly Confidential that was produced pursuant to this Stipulation and Order (including all copies, abstracts, and summaries of the Material) or the parties may destroy such Material and certify to the producing party or person in writing that all such Material has been destroyed.  Notwithstanding the foregoing, each law firm representing a party to the action may retain copies of pleadings, discovery, briefs, motions, memoranda and any other paper filed in this Action together and correspondence exchanged in this Action, copies of all deposition and other transcripts, and exhibits and copies of any attorney work product.

10. <u>Privileged Information</u>.  Neither party hereto intends to produce any Material that is protected by the attorney-client privilege or the work product doctrine.  In the event that such Material is produced, the party producing it may request its return from the other parties, which will immediately cease to use such Material and will within five days return or destroy all copies of such Material and all documents paraphrasing, summarizing, referencing or otherwise using such Material.  In such event, if any party that received such Material wishes to challenge its protected status, it may make a motion to the Court seeking to compel production of such Material, but such motion shall not rely upon the fact that the Material was previously produced to that party and shall be briefed and decided as though the Material had never been produced.

11. <u>Disputes</u>.  If a party that receives any Materials produced in accordance with this Order disagrees with respect to its designation as Confidential or Highly Confidential, in full or in part, it shall notify the producing party in writing, and the recipient and the producing party will thereupon confer in good faith within three

7
08-CV-01027-LJO-SMS
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  days of receiving such notice as to the status of the subject Materials proffered within
2  the context of this Order.  If the recipient and producing party are unable to agree upon
3  the status of the subject Materials, either party may raise the issue of such designation
4  with the Court.  In connection with any such proceeding, the burden of showing that
5  information sought to be protected as confidential still remain with the party claiming
6  confidentiality.  Until agreement is reached by the parties or an Order of the Court is
7  issued changing the designation, all Materials about which the dispute exists shall be
8  treated as originally designated by the producing party.

9  　　　　12.　　No Waiver.  No party to this Action shall be obligated to challenge the
10  propriety of any Confidential or Highly Confidential designation, and failure to do so
11  shall not preclude a subsequent attack on the propriety of such designation and shall
12  not constitute an admission that any information is in fact confidential or proprietary
13  information or merits the designation Confidential or Highly Confidential.  Nothing
14  contained in this Stipulation and Order shall be construed as a waiver by a party of any
15  objections that might be raised as to the admissibility at trial of any evidentiary
16  materials.

17  　　　　13.　　Modification of Stipulation.  The parties expressly reserve their right to
18  apply to the Court for modification of this Stipulation and Order, and for any further or
19  additional relief.

20  　　　　14.　　Compliance with Previous Confidentiality Agreement.  The parties agree
21  that in accordance with the Confidentiality Agreement entered into between Paramount
22  Farms, Inc., and Ventilex USA, Inc. in the related arbitration (AAA Case No. 72 110 Y
23  0058 1 08 JRJ), all documents, transcripts and any related Materials designated as
24  Confidential or Highly Confidential shall retain their designations as such for use in this
25  Action or related actions.  A true and correct copy of the Confidentiality Agreement is
26  attached hereto as Exhibit B.

27  　　　　15.　　Use of Materials in Related Actions.  The parties agree that any
28  documents, transcripts and any related Materials designated as Confidential or Highly

PDF created with pdfFactory trial version www.pdffactory.com

Confidential in this Action may be used in Los Angeles Superior Court Case Number BS 125546 and will maintain their confidentiality designations and be treated in accordance with the provisions under the Protective Order.

Prior to application to the Court, the parties shall confer in good faith to resolve any dispute concerning the terms or application of this Stipulation and Order.

SO STIPULATED.

DATED:  May 6, 2010                ROLL LAW GROUP P.C.


By:      /s/ Adam P. Zaffos
Adam P. Zaffos
Attorneys for Plaintiff
PARAMOUNT FARMS, INC.



DATED:  May 6, 2010                BALLARD SPAHR LLP


By:      /s/ Alan S. Petlak
Alan S. Petlak
Attorneys for Defendant
VENTILEX B.V.


APPROVED AND SO ORDERED:


Dated:  May 11, 2010              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**
# **UNDERTAKING OF CONFIDENTIALITY**

I have been asked or retained by _____ to serve as an expert witness or otherwise provide testimony in the matter of *Paramount Farms, Inc. v. Ventilex B.V.*, Case No. 08-CV-012027-LJO, an action now pending before the United States District Court for the Eastern District of California.  I have read and I hereby agree to comply with and abide by the CONFIDENTIALITY ORDER entered by the Court in this action, including without limitation the restriction that all Confidential Information disclosed or received in this matter in whatever form shall be used solely for purposes of this litigation or any other action arising from or based upon the information disclosed and for no other purpose whatsoever, and shall not be used or disclosed other than as provided in the CONFIDENTIALITY ORDER.

Signature: _____

Name: _____

Address: _____

_____

Date: _____

1

08-CV-01027-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT B**

2                                                        08-CV-01027-LJO-SMS

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com