| | |
|---|---|
| ANDREW S. CLARE (SBN 050289)<br>aclare@loeb.com<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, California 90067-4120<br>Telephone:  310-282-2000<br>Facsimile:   310-282-2200<br><br>CHRISTOPHER VAN GUNDY<br>(SBN 152359)<br>cvangundy@roll.com<br>ADAM P. ZAFFOS (SBN 217669)<br>azaffos@roll.com<br>ROLL LAW GROUP P.C.<br>11444 West Olympic Blvd., 10th Floor<br>Los Angeles, CA  90064-1557<br>Telephone:  310-966-8400<br>Facsimile:   310-966-8810<br><br>Attorneys for Plaintiff<br>PARAMOUNT FARMS, INC. | DONALD H. CHASE *pro hac vice*<br>dchase@morrisoncohen.com<br>EDWARD P. GILBERT *pro hac vice*<br>egilbert@morrisoncohen.com<br>LATISHA V. THOMPSON *pro hac vice*<br>lthompson@morrisoncohen.com<br>MORRISON COHEN LLP<br>909 Third Avenue<br>New York, New York 10022<br>Telephone:  212-735-8886<br>Direct Fax:  917-522-3186<br>Main Fax:    212-735-8708<br><br>ALAN S. PETLAK (SBN 179362)<br>petlaka@ballardspahr.com<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA  90067<br>Telephone:  424-204-4320<br>Facsimile:   424-204-4350<br><br>Attorneys for Defendant<br>VENTILEX B.V. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT FARMS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>VENTILEX B.V., a business entity of form unknown; and DOES 1-20 inclusive,<br><br>          Defendants. | Case No.  08-CV-01027-LJO-SKO<br><br>Assigned to Hon. Lawrence J. O'Neill<br><br>Assigned to Hon. Magistrate Sheila K. Oberto<br><br>**STIPULATION**<br><br>Complaint filed: July 18, 2008 |

{042214.1}#2413853 v1 \018182 \0002                                                                                      ORDER

Plaintiff Paramount Farms, Inc. ("Plaintiff" or "Paramount") and Defendant Ventilex B.V. ("Defendant" or "Ventilex"), by and through their respective counsel, hereby agree as follows:

Whereas, on or about July 27, 2010, Defendant filed a motion to compel disclosure of documents (the "Motion"), including (a) all documents responsive to Request No. 3 contained in Defendant Ventilex B.V.'s First Set of Requests for Production of Documents, including, without limitation, all documents concerning the performance, utilization or modification of the FMC Machine; (b) all documents responsive to Request No. 5 contained in Defendant Ventilex B.V.'s First Set of Requests for Production of Documents, including, without limitation, all documents evidencing the combined financial statements of Plaintiff Paramount Farms, Inc.; and (c) a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5);

Whereas, after continued attempts to meet and confer, the parties reached agreement with respect to the production of documents responsive to Request No. 3 and the privilege log;

Whereas, the parties appeared by telephone before the Honorable Sheila K. Oberto on August 27, 2010 for argument on the remainder of the Motion;

Whereas, the Court denied the Motion for disclosure of Paramount's combined financial statements, except to order that Paramount produce documents relating to the tax treatment/depreciation for the Ventilex pasteurizer, to the extent such documents exist;

NOW, THEREFORE, Plaintiff Paramount Farms, Inc. and Defendant Ventilex B.V., by and through their respective counsel, hereby stipulate and agree as follows:

1. With respect to the Motion for production of documents responsive to Request No. 3, Plaintiff represents that it has already produced all documents concerning the utilization of the FMC Machine and that it has no documents

{042214.1}   STIPULATION

concerning modification of the FMC Machine.  Plaintiff shall produce all responsive documents concerning the performance of the FMC Machine (i.e., down-time and re-validation) on or before September 1, 2010;

    2.    With respect to the Motion for production of documents responsive to Request No. 5, the Court denies the Motion, except that Paramount shall produce documents relating to the tax treatment/depreciation for the Ventilex pasteurizer, to the extent such documents exist, on or before September 1, 2010; and

    3.    Plaintiff shall produce a privilege log on or before September 1, 2010.

**IT IS SO STIPULATED.**

Dated:     August 30, 2010     ROLL LAW GROUP P.C.

    By:  /s/ Adam P. Zaffos_____

    Adam P. Zaffos
    Attorneys for Plaintiff
    PARAMOUNT FARMS, INC.

Dated:     August 30, 2010     BALLARD SPAHR LLP

    By:  /s/ Alan S. Petlak_____
    Alan S. Petlak
    and

    MORRISON COHEN LLP

    Donald H. Chase
    Edward P. Gilbert
    Latisha V. Thompson
    Attorneys for Defendant
    VENTILEX B.V.

# ORDER

Pursuant to the parties' Stipulation and good cause appearing therefore, it is ordered, with respect to Defendant's motion to compel (the "Motion"), as follows:

1. With respect to the Motion for production of documents responsive to Request No. 3, Plaintiff represents that it has already produced all documents concerning the utilization of the FMC Machine and that it has no documents concerning modification of the FMC Machine. Plaintiff shall produce all responsive documents concerning the performance of the FMC Machine (i.e., down-time and re-validation) on or before September 1, 2010;

2. With respect to the Motion for production of documents responsive to Request No. 5, the Court denies the Motion, except that Paramount shall produce documents relating to the tax treatment/depreciation for the Ventilex pasteurizer, to the extent such documents exist, on or before September 1, 2010; and

3. Plaintiff shall produce a privilege log on or before September 1, 2010.

IT IS SO ORDERED.

Dated:   **August 31, 2010**                **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE