IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT FARMS, INC., | CASE NO. CV F 08-1027 LJO SKO |
| Plaintiff, | **ORDER ON PARAMOUNT FARMS' MOTION TO CLARIFY AGENCY THEORY** |
| vs. | (Doc. 74.) |
| VENTILEX B.V., | |
| Defendant. / | |

## INTRODUCTION

Plaintiff Paramount Farms, Inc. ("Paramount") seeks to clarify through amendment of its complaint that it pursues an agency theory of liability against defendant Ventilex B.V. ("Ventilex BV") on Paramount's breach of contract and warranty claims. Ventilex BV contends that Paramount has inexcusably delayed to the eve of trial "to alter dramatically the nature of its pleading to the significant prejudice of Ventilex B.V." This Court considered Paramount's "motion to amend" on the record without a hearing. For the reasons discussed below, this Court DENIES Paramount's proposed amendment.

## BACKGROUND

### Summary

This action arises out of Paramount's purchase of an almond pasteurization system designed and manufactured by Ventilex BV. Paramount claims that the pasteurization system did not obtain

1

governmental approval which Ventilex BV guaranteed. Ventilex BV denies that it is party to an agreement with Paramount to bind it to a guarantee to obtain governmental approval.

Paramount, a Delaware corporation, processes, produces and markets almonds and pistachios and describes itself as "the world's largest vertically integrated supplier of pistachios and almonds." Paramount performs almond processing at its facilities in Lost Hills, California. Beginning in 2004, Paramount initiated efforts to pasteurize almonds to achieve a "5-log" reduction of Salmonella bacteria[1] which was expected to be imposed by federal and California almond regulators.

Ventilex BV is a Dutch company and a manufacturer of nut pasteurization systems, including the 11 THP Deluxe Ventilex Nut Pasteurization System ("Ventilex System"), which was designed and largely manufactured by Ventilex BV. Ventilex BV specializes in manufacturing industrial machinery, particularly fluid bed drying equipment used in food, concrete and spice industries.

Ventilex USA, Inc. ("Ventilex USA") is not a defendant in this action. Ventilex USA is a Delaware corporation with its principal place of business in Ohio. Ventilex BV is Ventilex USA's sole shareholder. Ventilex USA sells products of Ventilex BV and others in the United States.

**Current And Proposed Agency Allegations**

Paramount's original complaint ("complaint"), filed July 18, 2008, does not seek to hold Ventilex BV liable specifically as a principal of Ventilex USA. As to agency, the complaint alleges "that Ventilex B.V. and each of the fictitiously named Doe defendants (collectively 'Ventilex' or 'Defendants') were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff." The complaint further alleges "that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants." The complaint clearly states that "Ventilex USA is not a party to this action." As such, the complaint confines "Ventilex" to Ventilex BV and Doe defendants, of which there are none, to render the "agency" allegation applicable to Ventilex BV alone since Ventilex USA is not a defendant.

---

[1] "5-log" means to reduce the bacteria level by a factor of 100,000 or five zeros.

Paramount proposes a First Amended Complaint ("proposed FAC") to allege "that Ventilex B.V., Ventilex U.S.A., Inc., and each of the fictitiously named Doe defendants (collectively 'Ventilex') were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff."[2] The proposed FAC further alleges "that, while participating in such acts, each Defendant and Ventilex U.S.A. was the agent, alter ego, conspirator, and aider and abettor of the other Defendants [sic] entities and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants." The gist of the proposed FAC's agency allegations is to treat Ventilex BV and Ventilex USA as a combined "Ventilex" or, at a minimum, in a principal-agency relationship.

## Discovery In This Action And Contemplated Amendment

Given prior discovery in connection with the Paramount-Ventilex USA arbitration, Paramount's counsel Adam Zaffos ("Mr. Zaffos") states in his declaration that the "primary purpose" of discovery in this action "was to flesh out the agency, alter ego and related claims and allegations . . . to better understand Ventilex USA and Ventilex BV's relationship to each other, who was involved with the guarantee, how it was authorized, and other related questions." Paramount points to April 2010 emails of Ventilex BV's counsel Edward Gilbert ("Mr. Gilbert") regarding deposition scheduling and claims that Ventilex BV did not object to "agency" discovery.

Mr. Gilbert responds in his declaration that "at no point did I ever reach an agreement with [Mr. Zaffos] that either the purported agency allegations or the alter-ego allegations in the Complaint were sufficiently pleaded, nor is there any document reflecting any such agreement." Mr. Gilbert claims that on May 14, 2010, Mr. Zaffos "first informed me that Paramount intended to file an Amended Complaint."

Mr. Zaffos declares that Paramount first learned that Ventilex BV objected to "agency" and "alter ego" discovery when Ventilex BV served objections to Paramount's F.R.Civ.P. 30(b)(6) deposition notice for Ventilex BV, eight days prior to the scheduled May 19, 2010 deposition. Mr. Zaffos further declares that after "multiple meet and confers" Paramount and Ventilex BV agreed "that the 'agency'

---

[2] Paramount showed this Court and Ventilex BV the discourtesy of failing to highlight or identify additions appearing in the proposed FAC but not in the complaint.

3

allegations in the Complaint were sufficient, even if the 'alter ego' ones were not." Paramount points to Mr. Gilbert's May 14, 2010 email which states: "[W]e stand by our objections concerning those Topics that relate to matters irrelevant to the operative pleadings. In particular, Ventilex BV objects to Paramount's attempt to take discovery concerning matters relating to its proposed attempt to pierce the corporate veil." Mr. Gilbert's May 14, 2010 email does not specifically address agency discovery.

Mr. Zaffos claims in a telephone conversation with Mr. Gilbert prior to depositions of Ventilex BV executives that Mr. Zaffos confirmed "that 'agency' was in and 'alter ego' was out" and that the depositions proceeded without objection to "questions relating to 'agency' and related theories." Mr. Gilbert responds that "rather than expend the time and cost of a motion for a protective order, I consistently informed Paramount's counsel that Ventilex B.V. 'stand[s] by [its] objections concerning those Topics that relate to matters irrelevant to the operative pleadings.'"

Mr. Gilbert claims that during the weeks following Mr. Zaffos' May 14, 2010 statement that "Paramount intended to file an Amended Complaint, . . . Mr. Zaffos repeatedly indicated that he was unsure of when the amendment would be filed." In response to Mr. Gilbert's June 14, 2010 email to "confirm the status of the proposed motion to amend," Mr. Zaffos' June 14, 2010 email stated: "I don't think we are planning on filing one."

## DISCUSSION

### Amendment Standards

Paramount seeks to amend its complaint "to clarify that it is pursuing 'agency' and/or related theories of liability" or, alternatively, "to have its Complaint deemed sufficiently pled as to 'agency.'" Paramount acknowledges that the complaint's "agency allegations were . . . awkwardly worded so as to suggest that Ventilex USA may not be included in those specific agency allegations as Ventilex USA was not named as a party." Paramount contends that the complaint's "remaining allegations" are clear that "Ventilex USA and/or its employees would be natural and logical 'agents' for Ventilex BV." Paramount claims that Ventilex BV "has known all along" that Paramount pursued agency and related theories to result in no prejudice to Ventilex BV.

Paramount seeks its relief under F.R.Civ.P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely

4

give leave when justice so requires." Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Ventilex BV holds Paramount to F.R.Civ.P. 16(b)'s "good cause" standard rather than F.R.Civ.P. 15's "liberal amendment policy." Ventilex BV promotes the good cause standard given the expired July 27, 2010 motion filing deadline.

Pursuant to F.R.Civ.P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters

5

   which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

   With these standards in mind, this Court turns to the parties' respective positions regarding Paramount's proposed amendment.[3]

### Diligence

   Ventilex BV notes that Paramount fails "to demonstrate any degree of diligence." Ventilex points to Paramount's awareness during discovery and prior to the July 27, 2010 motion filing deadline that Ventilex BV opposed the viability of "agency, alter-ego and any other related theories of liability."

   Ventilex BV is correct as to Paramount's lack of diligence to warrant the relief Paramount belatedly seeks. The record suggests that Paramount toyed with amending its complaint as early as May but for unexplained reasons decided to pursue direct liability theories against Ventilex BV. The discovery deadline passed more than four months ago and the motion filing deadline passed more than two months ago. This Court has issued a summary judgment decision and pretrial conference order after conducting a pretrial conference. Paramount's attempt to seek its proposed amendment is the antithesis of diligence. Ventilex BV raises a valid point that this Court's January 22, 2009 order on Ventilex BV's motion to dismiss no less than raised the issue of an agency claim. Paramount has been diligent neither to comply with the July 27, 2010 motion filing deadline nor to seek relief from that deadline. Paramount's carelessness bars its proposed amendment.

### Notice

   Paramount argues that the complaint put Ventilex BV on notice that it pursued agency and related theories. Paramount points to the allegation that "in or around September 2005, Tom Schroeder, Peter Boettcher, and/or representatives of Ventilex represented to [Paramount] that its pasteurization

---

[3] Arguably, since this Court has conducted a pretrial conference and issued a pretrial order, the more stringent standard under F.R.Civ.P. 16(e) applies: "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Nonetheless, Paramount fails to demonstrate grounds for its proposed amendment under either the less stringent F.R.Civ.P. 15 or F.R.Civ.P. 16(b) standards.

system was free of defects and was in the 'home stretch' of approval and validation by relevant governmental authorities" and that "Ventilex had 'no qualms at all about guaranteeing the performance' of its pasteurization system."

Ventilex BV responds that the complaint "alleged that Ventilex BV was directly liable" for its breaches of contract and warranty and "failed to allege that Ventilex B.V.'s liability was the result" of Ventilex USA's conduct. Ventilex BV notes that the complaint's relevant allegations are attributed to it, not Ventilex USA, which the complaint expressly notes is not a defendant to go "so far as to plead Ventilex USA expressly out of its agency allegations." Ventilex BV concludes that the complaint lacks "a single allegation of alter-ego liability or general agency vis-a-vis Ventilex USA."

F.R.Civ.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557, 127 S.Ct. 1955 (2007)). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The U.S. Supreme Court requires a complaint to "contain either direct or inferential allegations respecting material elements necessary to sustain recovery under [a] viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. 1955. "[M]ere conclusory statements, do not suffice" and although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

Despite Paramount's claims, the complaint lacks factual allegations providing fair notice that it pursues agency or related claims against Ventilex BV. As to agency and related claims, the complaint, charitably, is sloppy. The key "notice" problem for Paramount is that the complaint did not include Ventilex USA in its global usage of "Ventilex." As a reminder, the complaint defined "Ventilex" as "Ventilex B.V. and each of the fictitiously named Doe defendants" and specified that "Ventilex USA is not a party to this action." The complaint specifically put Ventilex BV on notice that it was not being treated as a principal or that Ventilex USA was its alter ego.

The proposed FAC is not much help to Paramount. Although the proposed FAC attempts to state a conclusory allegation of a principal-agency relationship, it lacks necessary facts to support such relationship. The proposed FAC's mere allegation of a parent-subsidiary relationship is insufficient. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876 (2003) (citation and internal quotes omitted). "The law allows corporations to organize for the purpose of isolating liability of related corporate entities. . . . Only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary." *Bowoto v. Chevron Texaco Corp.*, 312 F.Supp.2d 1229, 1234 (N.D. Cal. 2004).

"Whether to hold a parent liable for the acts of its subsidiary is a highly fact-specific inquiry." *Bowoto*, 312 F.Supp.2d at 1234. "There are no inflexible tests by which courts determine when to hold corporations liable for the acts of their subsidiaries. Generally, the corporate separateness is respected unless to do so would work an injustice upon innocent third parties." *Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 758 (5th Cir.1975), *cert. denied*, 425 U.S. 950, 965 S.Ct. 1725 (1976). But each case must be considered on its own facts." *Edwin K. Williams & Co.*

8

*v. Edwin K. Williams*, 542 F.2d 1053, 1063 (9th Cir.1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977).

"A parent corporation can be held vicariously liable for the acts of a subsidiary corporation if an agency relationship exists between the parent and the subsidiary." *Bowoto,* 312 F.Supp.2d at 1238 (N.D. Cal. 2004). Factors to address a parent corporation's agency liability include "whether the subsidiary is functioning as an incorporated arm of the parent," and "whether the subsidiary is involved in activities that, but for the subsidiary's presence, the parent would be forced to undertake itself." *Bowoto*, 312 F.Supp.2d at 1239. "In addition to the need for a close relationship or domination between the parent and subsidiary, agency liability also requires a finding that the injury allegedly inflicted by the subsidiary, for which the parent is being held liable, was within the scope of the subsidiary's authority as an agent." *Bowoto*, 312 F.Supp.2d at 1239.

The proposed FAC lacks facts to address factors to assess agency liability on Ventilex BV. Paramount's points as to notice of its agency theory are unavailing, fail to support its proposed amendment and are too little too late.

**Amendment Factors**

Paramount argues that evaluation of relevant F.R.Civ.P. 15 factors warrants the proposed FAC. Not surprisingly, Ventilex BV disagrees and notes that "even under the more liberal Rule 15 standard, leave to amend should still be denied."

In addressing pleading amendments, the U.S. Supreme Court explained in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous

or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402 (9th Cir. 1990).

Although "leave to amend should not be granted automatically," the circumstances under which F.R.Civ.P. 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991).) "Justifying reasons must be apparent for denial of a motion to amend." *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993).

As discussed below, consideration of the above factors weighs in favor of denial of the proposed FAC.

### *Delay/Bad Faith*

"[D]elay alone – no matter how lengthy – is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). In *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed:

> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.

Delay in combination with other factors may be sufficient to deny amendment. When "there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn,* 648 F.2d at 1254; *see Morongo v. Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment. 6 Wright, Miller & Kane, *Federal Practice and Procedure* (1990) Amendments Under Rule 15(a), § 1487, p. 651.

Paramount does not address specifically delay or bad faith in seeking to pursue the agency theory. Paramount concentrates on Ventilex BV's apparent awareness of the agency theory and lack of prejudice.

As noted above, Ventilex BV takes issue with Paramount's delay to seek its proposed amendment. Ventilex BV also questions Paramount's good faith in seeking to pursue an alter ego theory which it concedes is "out." Ventilex BV further questions Paramount's motivation "on the cusp of trial" to pursue a theory of liability based on the conduct of Ventilex USA, not Ventilex BV.

As discussed above, Paramount's delay is significant, and no good cause exists to justify its delay. *See Amerisourcebergen v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (failure to explain delay to seek amendment supports denial). Paramount has delayed until just weeks before trial to address squarely its agency issue despite its acknowledgment of the complaint's "awkward" wording. The awkwardness of the agency issue has been present since the complaint's filing yet Paramount delayed until after the pretrial order to attempt to fix it. Of further concern is Paramount's switch in theories from Ventilex BV's direct liability to its liability as a principal of wrongdoer Ventilex USA. Paramount's delay considered with other factors further supports denial of the proposed FAC.

### *Prejudice*

Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Howey*, 481 F.2d at 1190. Prejudice to the opposing party "carries the greatest weight," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and is the "touchstone of the inquiry," *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003).

Paramount argues "there simply exists no prejudice" in that Ventilex BV "recognized, as early as the filing of the Complaint, that [Paramount] was asserting 'agency' related claims." Paramount points to Mr. Zaffos and Mr. Gilbert's "several conversations about the scope and intended purpose of the 'next round' of discovery" the "primary purpose" of which "was to flesh out the agency, alter ego and related claims and allegations" and "to better understand Ventilex USA and Ventilex BV's relationship." Paramount also relies on Ventilex BV's agreement of sufficiency of "agency" allegations

11

and absence of objection to discovery into agency areas. Paramount further points to summary judgment briefing on the agency issues.

Ventilex BV responds that the proposed amendment would require a reopening of discovery into "the specifics of how Ventilex B.V. and Ventilex USA conducted their operations, much of which discovery is currently outside the company, due to the fact that the majority of Ventilex B.V.'s management during the time period relevant to the Complaint is no longer employed" by Ventilex BV. Ventilex BV further points to the "number" of former Ventilex USA employees who would be difficult to reach and significantly increased legal expenses Ventilex BV would incur if the proposed FAC is permitted. Of key importance, Ventilex BV notes that it has prepared its defense based on the complaint's assertions of its direct liability, not potential liability as a principal of Ventilex USA.

The gist of Paramount's position is that Ventilex BV waived objection to the agency issue to result in no prejudice to it. However, Paramount points to no concrete waiver or acquiescence of Ventilex BV on the agency issue. The complaint's clear import is that Paramount seeks to hold Ventilex BV liable as a party to an agreement to guarantee the Ventilex System's performance. Paramount specifically alleged breach of contract and warranty claims to that effect. Paramount's reliance on alleged scope of discovery communications between counsel is unavailing given that none of the communications directly addressed the agency issues and Mr. Gilbert denies agreement on agency or alter ego issues. The record reveals that the parties agreed that alter ego was not at issue. The same cannot be said for agency issues despite defense counsel's failure to take stronger measures to contest agency during discovery. The prejudice to Ventilex BV is to attempt to defend weeks before trial an awkwardly pled claim which was not clearly established as in issue.

### *Futility*

A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *DCD Programs*, 833 F.2d at 186. Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

214 (9th Cir. 1988). An amendment is futile when it lacks legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993 (1993); *Johnson v. District 2 Marine Engineers Beneficial Assoc.*, 857 F.2d 514, 518 (9th Cir. 1988). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843.

Ventilex BV argues that the proposed FAC "is simply insufficient to allege agency or alter-ego liability against Ventilex BV arising out of its relationship with Ventilex USA." Ventilex BV challenges the proposed FAC's absence of facts as to the degree of Ventilex BV's control over Ventilex USA. Ventilex BV accords the proposed FAC's agency allegations the status of "labels and conclusions," insufficient to meet pleading standards. Ventilex BV concludes that the proposed FAC's "lumping Ventilex USA and Ventilex B.V. together without any specification as to which entity undertook any of the allegedly wrongful acts" violates "essential requirements of notice pleading."

As discussed above, the proposed FAC fails to allege sufficient facts to support the agency theories which Paramount attempts to champion. If subject to a F.R.Civ.P. 12(b)(6) motion, the agency claims would be subject to dismissal. The agency claims are futile in that they are inadequately pled in the complaint and proposed FAC. Moreover, the record on summary judgment highlighted the weaknesses of Paramount's agency claims. Lastly, Ventilex BV is correct that Paramount's alternative relief to deem agency sufficiently pled is a attempt to rewrite the complaint not authorized by the Federal Rules of Civil Procedure or other pleading authority. This Court is unable to supply essential elements and factual allegations missing from the complaint.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Paramount requested amendment relief.

IT IS SO ORDERED.

**Dated:    October 4, 2010                    /s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE